IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN DONTRION FINCH (#590474), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-91-B-BN |
| DAVIDSON COUNTY SHERIFFS DEPT., | § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Nathan Dontrion Finch, an inmate at the MCC Detention Center, in Nashville, Tennessee, filed a *pro se* habeas petition under 28 U.S.C. § 2254, challenging his extradition to Texas to face criminal charges. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed 28 U.S.C. § 2241 habeas petition for lack of subject matter jurisdiction.

First, as to his challenge to being extradited to Texas (presumably Dallas County), relief under Section 2254 is not available to Finch, as he is not "in custody pursuant to the judgment of a State court" as to that challenge. 28 U.S.C. § 2254(a). But 28 U.S.C. § 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody

for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Finch's incarceration in Tennessee satisfies the initial "in custody" requirement. *See id.*

But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789,

> 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

This exhaustion requirement applies equally to challenges to extradition proceedings. *See Whelan v. Noelle*, 966 F. Supp. 992, 997 (D. Or. 1997) ("In the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus in the federal court to avoid extradition." (collecting cases)); *see also, e.g., Booker v. Taft*, No. 7:03-cv-263-R, 2004 WL 1253410, at *1 (N.D. Tex. June 8, 2004) ("To exhaust state remedies in the context of a § 2241 proceeding that challenges extradition, the petitioner must pursue relief by filing a state application for writ of habeas." (citation omitted)). And Finch presents no evidence that he has submitted the factual and legal basis for his extradition challenge to the highest available state court for review.

While, as implied above, "[t]he exhaustion doctrine[, as] a rule of comity[,] is not jurisdictional," *Whelan*, 966 F. Supp. at 997, the Court still lacks jurisdiction to consider Finch's petition because a Section 2241 action "must be filed in the same district where [he] is incarcerated," *Pack v. Yusff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the

-3-

United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631."). And the Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). But, because it is apparent that Finch has neither exhausted state remedies nor provided the Court with exceptional circumstances of peculiar urgency to justify excusing that requirement, dismissal without prejudice to Finch's refiling this action in a proper court is the better option.

## Recommendation

The Court should dismiss the pending habeas action, construed as brought under 28 U.S.C. § 2241, without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved p0arty from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 21, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE